# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

In re: 206 GOLDEN, LLC,

     Debtor.                       Case No: 8:21-bk-4780-CPM

_____

THE ESTATE OF RONALD
CHARLES LADA,

     Appellant,

v.                                   Case No: 8:24-cv-285-KKM

206 GOLDEN, LLC, and
AGENTIS PLLC,

     Appellees.

_____

## <u>ORDER</u>

The Estate of Ronald Charles Lada appeals a bankruptcy court order approving nunc pro tunc the employment of Robert P. Charbonneau and Agentis PLLC (Agentis, for short) as Chapter 11 counsel for debtor 206 Golden, LLC. Because the Lada Estate lacks standing to challenge that order, and because I lack jurisdiction to consider its other argument, its appeal is dismissed.

## I. BACKGROUND

This case arises from the bankruptcy of 206 Golden, LLC. (Doc. 10-6.) On September 21, 2021, four days after filing its Chapter 11 petition, 206 Golden moved the bankruptcy court for an order allowing it to retain Agentis as counsel. (Doc. 10-12) at 5; *see* 11 U.S.C. §§ 327, 330. That application went unaddressed, and Agentis represented 206 Golden as "proposed counsel." *See, e.g.*, (Docs. 10-14; 10-16, 10-17, & 10-20.) Shortly after 206 Golden filed its petition, the Lada Estate, one of 206 Golden's principal creditors and the appellant here, moved to dismiss the petition or convert it to Chapter 7. (Doc. 10-13.) On October 15, 2021, the bankruptcy court granted that motion and a parallel motion by the United States Trustee and converted the case. (Doc. 10-36.) Agentis then applied for compensation for legal fees, services rendered, and costs incurred as Chapter 11 counsel for 206 Golden from September 17, 2021, (the petition date) until October 15, 2021 (the conversion date). (Doc. 10-46.) No party objected, and the bankruptcy court approved the application on January 4, 2022, and allowed Agentis $34,750 in fees and $274.98 in expense reimbursement. (Doc. 10-51) at 2. The court authorized Agentis to apply a $15,000 retainer that it was holding in trust to its claim, leaving it with an allowed Chapter 11 administrative expense of $20,024.98. *Id.*

The Chapter 7 case spawned three adversary proceedings, which were all resolved on October 27, 2023, through an order approving a compromise between various parties—

2

including the Lada Estate—and the Chapter 7 trustee. (Doc. 10-66.) That compromise order funded the bankruptcy estate and provided for the allocation of $365,000 to allowed Chapter 7 administrative expenses "such that the allowed claims of unsecured creditors shall receive a distribution of approximately $375,000" from the bankruptcy estate. *Id.* at 3.

Following the compromise order, Agentis moved for payment of its allowed Chapter 11 administrative claim. (Doc. 10-67); *see* 11 U.S.C. § 503(b). The Lada Estate objected, (Doc. 10-68), and the Chapter 7 trustee joined its motion, pointing out that the bankruptcy court had never approved the application to employ Agentis, (Doc. 10-69) at 1. The bankruptcy court held three hearings on the motion. (Doc. 10-71); (Doc. 18-2) at 151–62; *id.* at 163–85. At the final hearing on January 23, 2024, the bankruptcy court reasoned that the payment motion was unnecessary because the order allowing Agentis's Chapter 11 administrative expense went unchallenged, *see* (Doc. 10-51), and the Chapter 7 trustee was bound to distribute funds in accordance with the priority scheme set out in 11 U.S.C. § 726, (Doc. 18-2) at 166–70. In response, Agentis agreed to withdraw its motion for payment of fees. (Doc. 18-2) at 167. "[A]s a housekeeping matter," *id.* at 170, the bankruptcy court entered an order on January 23, 2024, granting 206 Golden's application for approval of Agentis's employment, to be retroactively effective as of September 17, 2021, the petition date. (Doc. 10-2.)

The Lada Estate appeals that order. (Doc. 1.) After the parties finished their initial round of briefing, I allowed them an opportunity to file supplemental briefs on the question of appellate jurisdiction. (Doc. 27.) The parties have done so. (Docs. 28, 30.)

## II.   LEGAL STANDARD

A district court serves in an appellate role while reviewing a bankruptcy court's decisions. *See Williams v. EMC Mortg. Corp.*, 216 F.3d 1295, 1296 (11th Cir. 2000) (per curiam). Accordingly, I review the bankruptcy court's legal conclusions de novo and its factfinding for clear error. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990); FED. R. BANKR. P. 7052 (incorporating FED. R. CIV. P. 52). I also have an obligation to examine issues of jurisdiction sua sponte, and I do so de novo. *United States v. Cartwright*, 413 F.3d 1295, 1299 (11th Cir. 2005).

## III.   ANALYSIS

The Lada Estate argues on appeal that the bankruptcy court erred by entering the order approving Agentis's employment nunc pro tunc to the petition date and by permitting Agentis's Chapter 11 administrative claim to be paid from the proceeds of the compromise order. *See* Appellant's Br. (Doc. 18) at 12. Yet the Lada Estate lacks standing to challenge the employment application order, and it did not appeal any order related to its second argument.

4

## A. The Lada Estate Lacks Article III Standing to Appeal the Order Approving Agentis's Employment Nunc Pro Tunc

A party seeking to appeal an order must establish Article III standing. *See United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019) ("Article III of the Constitution, from which standing derives, governs our jurisdiction in every type of case."); *see also In re Bay Circle Properties, LLC*, 955 F.3d 874, 879 (11th Cir. 2020) (discussing Article III standing as well as the more restrictive "person aggrieved" prudential standing doctrine applicable in bankruptcy). "Though similar and overlapping, the doctrines of appellate standing and trial standing are not identical." *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir. 2003). The principal difference "is that 'standing to appeal' requires an 'injury caused by the judgment' while 'standing to bring suit' requires an 'injury caused by the underlying facts.' " *Kimberly Regenesis, LLC v. Lee County*, 64 F.4th 1253, 1259 (11th Cir. 2023) (per curiam) (quoting 15A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3902 (3d ed. & Supp. Sept. 2022)). To establish appellate standing, then, the Lada Estate must show that it is "aggrieved by the . . . order" of the bankruptcy court. *Wolff*, 351 F.3d at 1354 (quoting *Knight v. Alabama*, 14 F.3d 1534, 1556 (11th Cir. 1994)).

It does not do so. The Lada Estate's principal complaint is that Agentis should not be paid its Chapter 11 administrative claim of $20,024.98, which, if allowed, would diminish the Lada Estate's share of the distribution under 11 U.S.C. § 726. *See* Appellant's

Supp. Br. (Doc. 30) at 6 ("The approval of the Agentis Employment Application, together with the Bankruptcy Court's oral ruling authorizing payment of the Agentis Fee Application, directly reduces the [Lada Estate's] recovery."). Yet Agentis's right to payment does not turn on the bankruptcy court's order approving Agentis's employment—the bankruptcy court already ordered that "Agentis shall have an allowed, Chapter 11 administrative expense in the sum of $20,024.98." (Doc. 10-51) at 2; *see* 11 U.S.C. § 726(a)(1) (providing that the "property of the estate shall be distributed . . . in payment of claims of the kind specified in, and in the order specified in, [11 U.S.C. §] 507," including allowed administrative expenses). While the Lada Estate argues that the bankruptcy court "was . . . precluded from ordering that the Agentis Fee Application was authorized to be paid" until it had approved Agentis's employment, that argument goes to whether the order allowing Agentis's administrative expense was correct, not whether Agentis is now entitled to payment of that allowed administrative expense. Appellant's Br. at 14; *see* Appellant's Supp. Br. at 7.

The order allowing Agentis's administrative expense is the only order issued by the bankruptcy court addressing Agentis's entitlement to payment. *See* (Doc. 10-51.) A timely motion under Civil Rule 60(b)(1) might have afforded relief from that order, but the Lada Estate did not seek relief under that rule and relief is now time-barred. *See* FED. R. CIV. P. 60(c)(1); FED. R. BANKR. P. 9024(a) (incorporating Civil Rule 60(b)); *see also Kemp v.*

6

*United States*, 596 U.S. 528, 535 (2022) (" '[M]istake' in Rule 60(b)(1) includes legal errors made by judges."). Attacking the nunc pro tunc approval of Agentis's employment application does not substitute for a timely motion for relief from the order allowing Agentis's administrative expense.

The Lada Estate responds that if the Court were to reverse or vacate the bankruptcy court's order approving Agentis's application nunc pro tunc, that would prevent payment of Agentis's allowed administrative claim. Appellant's Supp. Br. at 7. But it does not explain why that is so. It cites *In re Keller Financial Services of Florida, Inc.*, for the proposition "that an attorney is not entitled to any compensation for postpetition services if the employment was not approved by the Court." 248 B.R. 859, 891 (Bankr. M.D. Fla. 2000); *see* Appellant's Supp. Br. at 7. Yet in that case the bankruptcy court had not yet granted a motion to allow an administrative expense. *In re Keller Fin. Servs. of Fla.*, 248 B.R. at 891. The Lada Estate cites no caselaw countenancing its attempted end-run around Civil Rule 60.

Because vacating or reversing the bankruptcy court's order would not remedy the harm of which the Lada Estate complains, the Lada Estate lacks standing to appeal.

## B. The Lada Estate Fails to Appeal Any Order Providing that Agentis's Fee be Paid from the Compromise Proceeds that Fund the Estate

The Lada Estate's argument that "the bankruptcy court erred in ordering that the Agentis fee application be paid from the compromise proceeds" is likewise unavailing.

7

Appellant's Br. at 15. The Lada Estate appealed only the bankruptcy court's order approving Agentis's application for employment, which does not discuss a source of payment for Agentis. *See* (Doc. 1); *see also* (Doc. 10-2). In response to the order permitting supplemental briefing, the Lada Estate now argues that the bankruptcy court orally ruled that Agentis would be paid from the compromise proceeds when it observed that Agentis's payment motion was moot because the trustee would begin making distributions soon, which prompted Agentis to withdraw its motion for payment. While I doubt this is an appealable order,[1] even if it is, the Lada Estate did not designate it in its notice of appeal. *See* (Doc. 1.)

The Lada Estate also contends that it is "implicit" in the bankruptcy court's order approving Agentis's employment application nunc pro tunc that Agentis's administrative

---

[1] The bankruptcy court's discussion with Agentis's counsel strongly suggests the court understood Agentis to be withdrawing its motion, leaving nothing for the court to rule on:

> [THE COURT:] Mr. Charbonneau, so I don't think that the motion to pay is really necessary. I think I can deny it as moot because the Trustee has proffered that there will be distributions sometime soon.
>
> [Agentis's Counsel]: Great. That's fine, Your Honor. Or I can withdraw it.
>
> THE COURT: It doesn't matter to me. You can withdraw it if you want.
>
> [Agentis's Counsel]: Whatever is easier for the Court.
>
> THE COURT: Well, it will be easier for you because I won't ask for a proposed order.
>
> [Agentis's Counsel]: That's fine too, Your Honor.

(Doc. 18-2) at 167. Agentis's filing of a notice on the docket withdrawing its motion that same day bolsters this reading, *see* Notice of Withdrawal of Motion for Payment of Administrative Expenses, *In re 206 Golden, LLC*, No. 8:21-bk-04780-CPM (Bankr. M.D. Fla. Jan. 23, 2024), as do the court minutes reflecting that Agentis's motion was "[w]ithdrawn in open court," Hearing Proceeding Memo, *In re 206 Golden, LLC*, No. 8:21-bk-04780-CPM (Bankr. M.D. Fla. Jan. 23, 2024).

claim would be paid out of the compromise proceeds that fund the estate. Appellant's Supp. Br. at 9. That may be, but only as a consequence of the bankruptcy court's prior order allowing Agentis's administrative claim, *see* (Doc. 10-51), and the operation of 11 U.S.C. § 726. Nowhere in the order approving Agentis's employment does the bankruptcy court, implicitly or explicitly, direct the trustee pay Agentis from any source. *See* (Doc. 10-2).

Because the Lada Estate's "notice of appeal" failed to "designate[] any order" designating a source of payment for Agentis's allowed administrative claim, I "lack appellate jurisdiction" to consider the Lada Estate's argument. *In re Petricca*, 718 F. App'x 942, 944 (11th Cir. 2018) (per curiam); *see also Williams*, 216 F.3d at 1298 ("The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional." (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996) (per curiam))).[2]

\* \* \*

---

[2] Agentis seeks sanctions against the Lada Estate for filing this appeal. Appellees' Br. (Doc. 23) at 20. As Agentis notes, it may pursue such sanctions by filing a motion within fourteen days of the entry of judgment. *See* FED. R. BANKR. P. 8020 ("If the district court or BAP determines that an appeal is frivolous, then after a separate motion is filed or the court gives notice and a reasonable opportunity to respond, it may award just damages and single or double costs to the appellee."); Local Rule 7.01(b) ("Within fourteen days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion.").

IV.    CONCLUSION

The Lada Estate lacks standing to challenge the bankruptcy court's order approving Agentis's employment application, and I lack jurisdiction to consider its arguments about the source of the funds used to pay Agentis's fee.

Accordingly, it is **ORDERED** that this appeal is **DISMISSED.** The clerk is directed to enter **JUDGMENT**, which shall read: "This appeal is dismissed." The clerk is further directed to **TERMINATE** any pending deadlines and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on February 3, 2025.

Kathryn Kimball Mizelle
United States District Judge

10